[694 NYS2d 767]

# In the Matter of ROBERT G. DUBROW, an Attorney, Resignor.

Second Department, September 20, 1999

### APPEARANCES OF COUNSEL

*Robert G. Dubrow,* Plainview, resignor *pro se.*

*Grace D. Moran,* Syosset (*Nancy A. Bolger* of counsel), for Grievance Committee for the Tenth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Robert G. Dubrow has submitted an affidavit dated May 4, 1999, in which he tenders his resignation as an attorney and

counselor-at-law (22 NYCRR 691.9). Mr. Dubrow was admitted to the practice of law by the Appellate Division of the Supreme Court in the Second Judicial Department on January 9, 1980.

Mr. Dubrow acknowledges that he is the subject of an ongoing investigation by the Grievance Committee based upon a complaint against him which charges that he failed to maintain and preserve the sum of $28,000 in his escrow account.

Mr. Dubrow represented Bonnie and Stuart Leibowitz in the sale of their home. Upon the signing of the contract of sale, Mr. Dubrow received $28,000 from the sellers which he deposited into his Citibank Escrow IOLA account on May 29, 1998. Between the date of deposit and the closing on July 30, 1998, Mr. Dubrow failed to preserve that money. As a result, he was unable to remit to his clients all of the money they were entitled to. Additionally, Mr. Dubrow averred that he failed to preserve approximately $20,000 of the proceeds entrusted to him at the closing. Mr. Dubrow subsequently replaced approximately $48,000 which he had failed to preserve in his escrow account.

Mr. Dubrow acknowledges that his resignation is freely and voluntarily rendered and that he is not being subjected to coercion or duress by anyone. He has discussed his decision to resign with his attorney and others whose advice and counsel he respects and is fully aware of the implications of submitting a resignation. This includes an awareness that he is barred by Judiciary Law § 90 and the rules of this Court from seeking reinstatement for at least seven years (see, 22 NYCRR 691.11).

Mr. Dubrow acknowledges that he cannot successfully defend himself on the merits of any disciplinary charges which have been initiated against him by the Grievance Committee based upon the facts and circumstances of his professional misconduct.

Mr. Dubrow's resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). Mr. Dubrow acknowledges the continuing jurisdiction of the Court to make such an order and specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee supports acceptance of the proffered resignation.

Inasmuch as Mr. Dubrow's resignation comports with the pertinent rules of this Court, it is accepted. Mr. Dubrow is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, S. MILLER, O'BRIEN and FLORIO, JJ., concur.

Ordered that the resignation of Robert G. Dubrow is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Robert G. Dubrow is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Robert G. Dubrow shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Robert G. Dubrow is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.